UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>SOMERSET PARK HOMEOWNER'S ASSOCIATION; SUZANNAH R. NOONAN IRA, LLC; and NEVADA ASSOCIATION SERVICES, INC.,<br><br>Defendants. | Case No. 2:16-cv-00349-APG-VCF<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION**<br><br>(ECF No. 23) |

Defendant Somerset Park Homeowner's Association foreclosed on an HOA lien and sold the subject property to defendant Suzanna R. Noonan IRA, LLC. Plaintiff Bank of America, N.A. ("BANA") held a mortgage lien against this property, and believes that the HOA's foreclosure did not extinguish BANA's lien. So it filed this lawsuit seeking to quiet title to the property. Defendant Noonan now moves to dismiss the complaint, contending that this court lacks diversity jurisdiction because the $75,000 minimum threshold is not satisfied. ECF No. 23.

"A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. The Equitable Life Assurance Society of the United States*, 347 F.3d 394, 397 (2d Cir. 2003); *see also* 14AA Wright & Miller § 3702.2, pp. 340 ("Once the propriety of the amount in controversy is challenged, the party seeking to invoke the subject matter jurisdiction of the federal courts, either as an original action or by way of removal, has the burden of proving its existence under the [legal certainty test] . . . ."). Once a party challenges whether the jurisdictional amount is met, the party invoking jurisdiction "must support [its allegations] by competent proof." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 188–89. Even when these facts are not challenged, I "may still insist that the jurisdictional facts be

1  established or the case be dismissed, and for that purpose [I] may demand that the party alleging
2  jurisdiction justify his allegations by a preponderance of evidence. *Id.*

3    The parties agree that, "[i]n actions seeking declaratory or injunctive relief, it is well
4  established that the amount in controversy is measured by the value of the object of the litigation"
5  at the time the complaint is filed. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347
6  (1977).

7    BANA contends that either the value of the property or the amount of its loan satisfies the
8  jurisdictional amount.  But it has not met its burden on either point.  As to the value of the
9  property, Noonan provides various documents showing that the property was worth less than
10 $75,000 at the time the complaint was filed. ECF No. 23 at 5-10.  BANA offers no evidence or
11 argument in response to these assertions.  The property's value thus cannot form the basis of
12 jurisdiction here.

13   BANA instead relies solely on the amount of the loan to satisfy the $75,000 jurisdictional
14 limit.  It contends that the original principal balance of the loan was $125,500.00. ECF No. 25 at
15 5:10-11; ECF No. 1 at ¶ 13.  But neither BANA's complaint nor its response to the motion to
16 dismiss contains any allegation about the value of the loan as of the date that matters: the date the
17 complaint was filed.  Rather, BANA relies on the value of the loan nine years prior. *Id*.  Because
18 BANA offers no evidence of the amount of the debt at the time the complaint was filed, it has not
19 met its burden of proving facts sufficient to support this court's exercise of jurisdiction over this
20 case.

21   IT IS HEREBY ORDERED that defendant Noonan's motion to dismiss **(ECF No. 23) is**
22 **GRANTED** and this case is dismissed without prejudice.  The clerk of the court is directed to
23 enter judgment accordingly.

24   DATED this 12th day of September, 2016.

26                          ANDREW P. GORDON
                            UNITED STATES DISTRICT JUDGE